UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RENEE DYCE,

                Plaintiff,                           **MEMORANDUM & ORDER**
                                                            23-CV-8730 (PKC) (SJB)

      -against-

MACY'S INC and FEDERATED DEPARTMENT
STORES INC.,

                Defendants.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Renee Dyce ("Plaintiff") brings this *pro se* action under the Court's federal question jurisdiction and alleges negligence against Defendants Macy's Inc. ("Macy's") and Federated Department Stores Inc. ("Federated") (together with Macy's, "Defendants"). Plaintiff is granted permission to proceed *in forma pauperis*. For the reasons stated below, this action is dismissed without prejudice for lack of subject matter jurisdiction, but Plaintiff is granted thirty (30) days from the date of this Memorandum & Order to file an amended complaint.

## BACKGROUND

      Plaintiff asserts that on November 27, 2020, she was at a Macy's department store in Brooklyn, New York, and was injured. (Complaint ("Compl."), Dkt. 1, at ECF[1] 5.) Although the facts of what transpired are unclear, Plaintiff claims her injuries were caused "solely and wholly through the negligence of [] Defendants[.]" (*Id*. at ECF 6.) Plaintiff seeks monetary damages in the amount of $175,000. (*Id.* at ECF 7.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation and quotation marks omitted).

**DISCUSSION**

The subject matter jurisdiction of the federal courts is limited. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.

2

P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

According to the Complaint, the basis for subject matter jurisdiction is "[f]ederal question" jurisdiction (Compl., Dkt. 1, at ECF 4),[2] which provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331).  A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "a well-pleaded complaint necessarily depends on resolution of a substantial question of federal law[.]"  *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted).  However, a constitutional claim in and of itself is insufficient to confer jurisdiction where such a claim is nothing more than a state court claim "recloaked in constitutional garb."  *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (holding that a federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous").

Here, despite attempting to invoke federal question jurisdiction, Plaintiff describes her claim against Defendants as one of "negligence."  (*See* Compl., Dkt. 1, at ECF 4 (alleging as basis for federal question jurisdiction that Defendants were "[n]egligent in duty of care resulting in

---

[2] Plaintiff's Complaint is a form complaint, in which she checked off the box for "Federal question," instead of the box for "Diversity of citizenship," as the basis for jurisdiction.  (*Id*.)

3

injury . . . .").) A claim for negligence arises under state law, not federal law. *Bangs v. Warden of Suffolk Cnty. Jail*, No. 23-CV-2619 (JMA)(JMW), 2023 WL 3931697, at *4 (E.D.N.Y. June 9, 2023) ("Plaintiff's claim is a run-of-the-mill slip-and-fall claim, which, at most, would give rise to a negligence claim under state law."); *Jean-Baptiste v. Montway LLC*, No. 22-CV-5579 (PKC) (LB), 2022 WL 11213581, at *3–4 (E.D.N.Y. Oct. 19, 2022) (noting that a negligence claim arises under state law and therefore the district court lacks jurisdiction unless diversity exists). Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the Court finds that she alleges a claim of negligence under state law and has not alleged any facts establishing federal question jurisdiction. Because the Court does not have federal question jurisdiction, it can only adjudicate this claim if it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Moore v. Brooklyn Hosp. Ctr.*, No. 22-CV-4208 (KAM), 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1); s*ee also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that a corporation's principal place of business is its "nerve center," usually its main headquarters). Regarding the

4

amount in controversy requirement, "the plaintiff must allege to a 'reasonable probability' that the claim is in excess of the sum or value of $75,000.00[.]" *Joseph v. NYC Dept. of Finance*, 23-CV-3403 (LTS), 2023 WL 4472178, at *2 (S.D.N.Y. July 6, 2023) (citing 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)).

Here, with respect to diversity of citizenship, Plaintiff resides in Brooklyn, New York, and she alleges that Defendant Macy's is headquartered in Manhattan and has its principal place of business there. (*See* Compl., Dkt. 1, at ECF 2.) Because both Plaintiff and Macy's appear to be citizens of New York, diversity of citizenship is lacking. Moreover, even if they are diverse, there is no indication that Plaintiff could meet the amount in controversy requirement, and therefore, the requirements of 28 U.S.C. § 1332 are not met. (*Id.* at ECF 7.) As to Defendant Federated, Plaintiff makes no allegations concerning its principal place of business or state of incorporation, other than to include the address for one of Defendant Macy's department stores in Brooklyn, New York[3] when listing the parties to the instant action. (*Id.* at ECF 2.) Plaintiff also fails to make any allegations regarding Federated's involvement in the circumstances giving rise to her negligence claim and the relationship, if any, between Defendants. Furthermore, as with Macy's, even if Plaintiff and Federated are diverse, Plaintiff has not alleged to a "reasonable probability" that her claim could meet the $75,000 threshold. (*Id.* at ECF 7.) Without a basis to support this Court's subject matter jurisdiction, Plaintiff's case must be dismissed. *See* Fed. R. Civ P. 12 (h)(3); *see, e.g.*, *McDowell v. Manhattan Med. Assocs.*, No. 23-CV-7110 (LTS), 2023 WL 7327429, at *3 (S.D.N.Y. Nov. 7, 2023).

---

[3] The address is 5400 Avenue U, Brooklyn, Kings County, New York, 11234 as listed in the Complaint. (*See* Compl., Dkt. 1, at ECF 2.)

## CONCLUSION

Accordingly, Plaintiff's Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction.[4]  Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

However, in deference to Plaintiff's *pro se* status, she is granted thirty (30) days from the date of this Memorandum & Order to submit an amended complaint.  *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000).  An amended complaint does not simply add to the prior complaint and, once it is filed, it completely replaces the original complaint filed before it.  The amended complaint must be captioned as "Amended Complaint" and bear the same docket number as this Memorandum & Order.  As discussed, if Plaintiff is asserting a state law claim of negligence, she must allege facts establishing diversity jurisdiction, including the amount in controversy.  She must also provide allegations from which to infer Defendant Federated's liability with respect to her claim.  If Plaintiff fails to comply with this Memorandum & Order within the thirty (30) days allowed or fails to cure the deficiencies discussed herein, judgment shall enter dismissing the action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum & Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S.438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 7, 2023
       Brooklyn, New York

---

[4] The Court offers no opinion as to any state law claim Plaintiff may pursue in state court.

6