UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RENEE DYCE,

                Plaintiff,   **MEMORANDUM AND ORDER**
                                                          23-CV-8730 (PKC) (SJB)

    -against-

FRANK DOE, Kings County Clerk; MIRMAN,
MARKOVITS & LANDAU, PC.; MACY'S
INC.,

                Defendants.
-----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

By Order dated December 7, 2023, the Court granted Plaintiff Renee Dyce's ("Plaintiff") request to proceed *in forma pauperis* ("IFP") but dismissed her original Complaint without prejudice for lack of subject matter jurisdiction. Plaintiff was granted leave to amend her complaint to assert a basis for the exercise of the Court's jurisdiction. Plaintiff filed an Amended Complaint on February 5, 2024, in which she asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and specifically notes 42 U.S.C. § 1983, 18 U.S.C. § 242, and Title II and Title III of the Americans with Disabilities Act ("ADA"). (Am. Compl., Dkt. 7 (hereinafter "Dkt. 7"), at ECF[1] 4.) For the reasons stated below, Plaintiff's Amended Complaint is dismissed, and this matter is terminated.

**BACKGROUND**[2]

Plaintiff asserts that on November 27, 2020, she was injured at a Macy's department store in Brooklyn, New York. (Dkt. 7, at ECF 7.) Thereafter, she contacted the firm of Mirman,

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

[2] The following allegations are taken from Plaintiff's Amended Complaint and considered to be true for purposes of this Order.

Markovitz & Landau, PC (the "Law Firm") about filing an action against Macy's. (*Id.* at ECF 7–8.) On or about March 3, 2021, Plaintiff received a letter from the Law Firm stating, in part, that there was a lack of medical support for her claim for damages and, therefore, the firm closed her case. (*Id.* at ECF 8.) Plaintiff went to the Kings County Clerk's Office to seek assistance in filing an action. (*Id.* at ECF 6.) Plaintiff asserts that "Frank Doe," an employee in the clerk's office, provided instructions and forms to initiate a lawsuit but refused to help her complete said paperwork. (*Id.*) Plaintiff appears to assert that as a disabled person, she should have received assistance in completing the paperwork. (*Id.* at ECF 7.) Plaintiff seeks monetary and other relief. (*Id.* at ECF 12.)

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)).

## DISCUSSION

In her Amended Complaint, Plaintiff asserts that the Court has federal question jurisdiction over her claims pursuant to 28 U.S.C. § 1331 ("Section 1331").[3] (*See* Am. Compl., at ECF 4.) A plaintiff properly invokes jurisdiction under Section 1331 "when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). A claim "may be dismissed for want of subject-matter jurisdiction [because] it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 513 n.10 (quoting *Bell*, 327 U.S. at 681–85).

### I. Plaintiff's Claims Under 18 U.S.C. § 242

To the extent that Plaintiff seeks to invoke the Court's jurisdiction by bringing her claims under 18 U.S.C. § 242 ("Section 242"), a criminal civil rights statute, she may not do so. Section 242 does not provide a private right of action. *See, e.g.*, S*heehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order) ("[C]laims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241–242 . . . are not cognizable, as federal criminal statutes do not provide

---

[3] Plaintiff's Amended Complaint is a form complaint, in which she checked off the box for "Federal question," instead of the box for "Diversity of citizenship," as the basis for jurisdiction. (*See* Dkt. 7, at ECF 4.)

private causes of action."). Accordingly, Plaintiff's claims asserted under Section 242 are dismissed as frivolous.

## II. Plaintiff's Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 ("Section 1983") provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived [her] of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

To the extent that Plaintiff seeks to allege that Macy's[4] and the Law Firm violated her constitutional rights, her claims fail. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "[P]rivate conduct, no matter how discriminatory or wrongful," is generally beyond the reach of Section 1983. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (internal quotation marks omitted) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Here, Macy's and the Law Firm are private entities, and Plaintiff has failed to

---

[4] To the extent that Plaintiff seeks to hold Macy's liable for negligence, as explained in the Court's December 7, 2023 Order, a claim for negligence arises under state law, not federal law. *See Bangs v. Warden of Suffolk Cnty. Jail*, No. 23-CV-2619 (JMA) (JMW), 2023 WL 3931697, at *4 (E.D.N.Y. June 9, 2023) ("Plaintiff's claim is a run-of-the-mill slip-and-fall claim, which, at most, would give rise to a negligence claim under state law.").

plead a plausible claim for state action. *See, e.g.*, *Iosilevich v. Walmart Inc.*, No. 22-CV-4757 (VB), 2024 WL 168283, at *7 (S.D.N.Y. Jan. 12, 2024) (dismissing plaintiff's Section 1983 claims against Walmart because it did not act under color of state law); *Harrison v. New York*, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015) (stating that law firms "do not act under color of state law and are not state actors for purposes of Section 1983" (internal quotation marks omitted) (quoting *Manko v. Steinhardt*, No. 11-CV-5430, 2012 WL 213715 (KAM) (LB), at *4 (E.D.N.Y. Jan. 24, 2012))). Accordingly, Plaintiff's Section 1983 claims against Macy's and the Law Firm are dismissed.

To the extent that Plaintiff seeks to hold the state court clerk Frank Doe liable for violating her constitutional rights by allegedly failing to complete the paperwork for her on the court-supplied forms, her Section 1983 claim still fails because Frank Doe has absolute immunity. *See, e.g.*, *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) (holding that absolute immunity extends to court clerks who perform tasks "which are judicial in nature and an integral part of the judicial process"); *id.* at 526 (finding that absolute judicial immunity extends to "[the] Clerk's Office activities of filing and docketing legal documents"). Thus, Plaintiff's claim against Frank Doe is dismissed.

### III. Plaintiff's Claims Under Title II and Title III of the ADA

Plaintiff asserts that "Title II and Title III of the ADA are at issue in this case." (Dkt. 7, at ECF 4.) However, she pleads no plausible facts in support of her claim. "Title II of [the ADA] proscribes discrimination against the disabled in access to public services." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004). "Title III of the ADA proscribes discrimination against the disabled in public accommodations." *Id.* at 85. To establish a violation of the ADA, Plaintiff must demonstrate that "(1) [s]he is a qualified individual with a

5

disability; (2) the defendant is subject to [the ADA]; and (3) [s]he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of [her] disability." *Disabled in Action v. Bd. of Elections*, 752 F.3d 189, 196–97 (2d Cir. 2014) (footnote omitted). Here, Plaintiff's Amended Complaint is devoid of any factual allegations plausibly suggesting that Plaintiff is a qualified individual with a disability, that she was denied the opportunity to participate in or benefit from Defendants' services, or that she was discriminated against by Defendants based on a disability. Thus, Plaintiff's claims under Title II and Title III of the ADA are dismissed.

## CONCLUSION

Accordingly, Plaintiff's Amended Complaint, filed IFP, is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is therefore respectfully directed to enter judgment and close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S.438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 4, 2024
      Brooklyn, New York